1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street, Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com
            tanya@moorelawfirm.com
5
   Attorney for Plaintiff
6  Jose Trujillo

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11  JOSE TRUJILLO,                      )  No.
                                        )
12          Plaintiff,                  )  **COMPLAINT ASSERTING DENIAL OF**
                                        )  **RIGHT OF ACCESS UNDER THE**
13      vs.                             )  **AMERICANS WITH DISABILITIES ACT**
                                        )  **FOR INJUNCTIVE RELIEF,**
14  PAUL GOGNA dba PRINCE FOOD & GAS;   )  **DECLARATORY RELIEF, DAMAGES,**
    HUDA-CAL. PROPERTIES, LLC; AKBAR    )  **ATTORNEYS' FEES AND COSTS (ADA**
15  ALI HUDA;                           )
                                        )
16          Defendants.                 )
                                        )
17                                      )
                                        )
18                                      )
                                        )
19  _____ )

20                       **I. SUMMARY**

21          1.      This is a civil rights action by plaintiff JOSE TRUJILLO ("Plaintiff") for

22  discrimination at the building, structure, facility, complex, property, land, development, and/or

23  surrounding business complex known as:

24                  Prince Food & Gas
                    133 West Walnut Avenue
25                  Visalia, California 93277
                    (hereafter "the Facility")
26

27          2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28  costs, against PAUL GOGNA dba PRINCE FOOD & GAS; HUDA-CAL. PROPERTIES,

*Trujillo v. Gogna, et al.*
Complaint
                                    Page 1

1  LLC and AKBAR ALI HUDA (hereinafter collectively referred to as "Defendants"), pursuant

2  to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)

3  ("ADA") and related California statutes.

## II.   JURISDICTION

4

5      3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

6  claims.

7      4.     Supplemental jurisdiction for claims brought under parallel California law –

8  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

9      5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

10

11     6.     All actions complained of herein take place within the jurisdiction of the United

12 States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

13 § 1391(b), (c).

## IV.   PARTIES

14

15     7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

16 persons), firm, and/or corporation.

17     8.     Plaintiff is substantially limited in his ability to walk, and uses a wheelchair or

18 cane for mobility. In addition, Plaintiff's hearing is substantially limited. Consequently,

19 Plaintiff is "physically disabled," as defined by all applicable California and United States

20 laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

21

22     9.     The Facility is open to the public, intended for non-residential use, and its

23 operation affects commerce. The Facility is therefore a public accommodation as defined by

24 applicable state and federal laws.

25     10.    Plaintiff lives less than five miles from the Facility and visited the Facility on or

26 about March 9, 2022 to purchase fuel for his vehicle. During his visit to the Facility, Plaintiff

27 personally encountered barriers (both physical and intangible) that interfered with, if not

28 outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and

*Trujillo v. Gogna, et al.*
Complaint

1    accommodations offered at the Facility. These barriers include, but are not necessarily limited

2    to, the following:

3        a)        Plaintiff could not find a designated accessible fuel pump, and the

4                  pumps did not allow for payment at the pump. He honked several times

5                  to get the attention of the Facility's staff so that he could ask for fueling

6                  assistance, but was ignored.

7        b)        Plaintiff looked for designated accessible parking so that he could

8                  unload in front of the Facility and go into the store to pay for his gas, but

9                  he could not find any designated accessible parking in the Facility's

10                 parking lot.

11       c)        Plaintiff could not see an accessible route from the gas pumps to the

12                 Facility entrance; there was a raised curb with unevenly sloped asphalt

13                 sloping up toward it, but no curb ramp. Deciding that the uneven slopes

14                 and height changes would make it too dangerous for him to attempt to

15                 enter the store, Plaintiff had to have his daughter go into the store to pay.

16       11.    There may exist other barriers at the Facility which relate to Plaintiff's

17   disabilities, and he will seek to amend this Complaint once such additional barriers are

18   identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to

19   his disabilities removed to afford him full and equal access.

20       12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

21   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

22   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

23   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

24   once the barriers are removed.

25       13.    Defendants knew, or should have known, that these elements and areas of the

26   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

27   the physically disabled. Moreover, Defendants have the financial resources to remove these

28   barriers from the Facility (without much difficulty or expense), and make the Facility

*Trujillo v. Gogna, et al.*
Complaint

1   accessible to the physically disabled. To date, however, Defendants refuse to either remove

2   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

3         14.     At all relevant times, Defendants have possessed and enjoyed sufficient control

4   and authority to modify the Facility to remove impediments to wheelchair access and to

5   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

6   Accessible Design. Defendants have not removed such impediments and have not modified the

7   Facility to conform to accessibility standards. Defendants have intentionally maintained the

8   Facility in its current condition and have intentionally refrained from altering the Facility so

9   that it complies with the accessibility standards.

10        15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is

11  so obvious as to establish Defendants' discriminatory intent. On information and belief,

12  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

13  to relevant building standards; disregard for the building plans and permits issued for the

14  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the

15  Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

16  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

17  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

18  Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

19                            **VI.    FIRST CLAIM**

20                     **Americans with Disabilities Act of 1990**

21                     Denial of "Full and Equal" Enjoyment and Use

22        16.     Plaintiff re-pleads and incorporates by reference the allegations contained in

23  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

24        17.     Title III of the ADA holds as a "general rule" that no individual shall be

25  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

26  goods, services, facilities, privileges, and accommodations offered by any person who owns,

27  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

28  //

*Trujillo v. Gogna, et al.*
Complaint

1    18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

2  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

3  Facility during each visit and each incident of deterrence.

4                Failure to Remove Architectural Barriers in an Existing Facility

5    19.    The ADA specifically prohibits failing to remove architectural barriers, which

6  are structural in nature, in existing facilities where such removal is readily achievable. 42

7  U.S.C. § 12182(b)(2)(A)(iv).

8    20.    When an entity can demonstrate that removal of a barrier is not readily

9  achievable, a failure to make goods, services, facilities, or accommodations available through

10 alternative methods is also specifically prohibited if these methods are readily achievable. Id.

11 § 12182(b)(2)(A)(v).

12    21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

13 barriers at the Facility without much difficulty or expense, that the cost of removing the

14 architectural barriers does not exceed the benefits under the particular circumstances, and that

15 Defendants violated the ADA by failing to remove those barriers, when it was readily

16 achievable to do so.

17    22.    In the alternative, if it was not "readily achievable" for Defendants to remove

18 the Facility's barriers, then Defendants violated the ADA by failing to make the required

19 services available through alternative methods, which are readily achievable.

20                Failure to Design and Construct an Accessible Facility

21    23.    Plaintiff alleges on information and belief that the Facility was designed and

22 constructed (or both) after January 26, 1993 – independently triggering access requirements

23 under Title III of the ADA.

24    24.    The ADA also prohibits designing and constructing facilities for first occupancy

25 after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

26 disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

27 //

28 //

*Trujillo v. Gogna, et al.*
Complaint

1    25.    Here, Defendants violated the ADA by designing and constructing (or both) the

2  Facility in a manner that was not readily accessible to the physically disabled public –

3  including Plaintiff – when it was structurally practical to do so.[1]

4                     Failure to Make an Altered Facility Accessible

5    26.    Plaintiff alleges on information and belief that the Facility was modified after

6  January 26, 1993, independently triggering access requirements under the ADA.

7    27.    The ADA also requires that facilities altered in a manner that affects (or could

8  affect) its usability must be made readily accessible to individuals with disabilities to the

9  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

10  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

11  fountains serving that area accessible to the maximum extent feasible. Id.

12    28.    Here, Defendants altered the Facility in a manner that violated the ADA and

13  was not readily accessible to the physically disabled public – including Plaintiff – to the

14  maximum extent feasible.

15                     Failure to Modify Existing Policies and Procedures

16    29.    The ADA also requires reasonable modifications in policies, practices, or

17  procedures, when necessary to afford such goods, services, facilities, or accommodations to

18  individuals with disabilities, unless the entity can demonstrate that making such modifications

19  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

20    30.    Here, Defendants violated the ADA by failing to make reasonable modifications

21  in policies, practices, or procedures at the Facility, when these modifications were necessary to

22  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

23  accommodations.

24

25

26

27

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
28  private attorney general under either state or federal statutes.

*Trujillo v. Gogna, et al.*
Complaint

1

Failure to Maintain Accessible Features

2    31.    Defendants additionally violated the ADA by failing to maintain in operable

3 working condition those features of the Facility that are required to be readily accessible to and

4 usable by persons with disabilities.

5    32.    Such failure by Defendants to maintain the Facility in an accessible condition

6 was not an isolated or temporary interruption in service or access due to maintenance or

7 repairs.

8    33.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

9 fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

10

<strong>VII.    SECOND CLAIM</strong>

11

<strong>Unruh Act</strong>

12    34.    Plaintiff re-pleads and incorporates by reference the allegations contained in

13 each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

14    35.    California Civil Code § 51 states, in part, that: All persons within the

15 jurisdiction of this state are entitled to the full and equal accommodations, advantages,

16 facilities, privileges, or services in all business establishments of every kind whatsoever.

17    36.    California Civil Code § 51.5 also states, in part that: No business establishment

18 of any kind whatsoever shall discriminate against any person in this state because of the

19 disability of the person.

20    37.    California Civil Code § 51(f) specifically incorporates (by reference) an

21 individual's rights under the ADA into the Unruh Act.

22    38.    Defendants' aforementioned acts and omissions denied the physically disabled

23 public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

24 and services in a business establishment (because of their physical disability).

25    39.    These acts and omissions (including the ones that violate the ADA) denied,

26 aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

27    40.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

28 minimum damages of $4,000 for each offense.

1       41.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

2   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

3   § 52(a).

4   ## VIII. THIRD CLAIM

5   ### Denial of Full and Equal Access to Public Facilities

6       42.    Plaintiff re-pleads and incorporates by reference the allegations contained in

7   each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

8       43.    Health and Safety Code § 19955(a) states, in part, that: California public

9   accommodations or facilities (built with private funds) shall adhere to the provisions of

10  Government Code § 4450.

11      44.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

12  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

13  structurally repaired, is required to comply with this chapter.

14      45.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

15  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

16  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

17      46.    Defendants' non-compliance with these requirements at the Facility aggrieved

18  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

19  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

20  ## IX.   PRAYER FOR RELIEF

21      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

22      1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

23      2.    Statutory minimum damages under section 52(a) of the California Civil Code

24      according to proof.

25      3.    Declaratory relief finding that Defendants violated the ADA.

26      4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

27

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

28

*Trujillo v. Gogna, et al.*
Complaint

1        5.      Interest at the legal rate from the date of the filing of this action.

2        6.      For such other and further relief as the Court deems proper.

3

Dated: 6/10/2022                           MOORE LAW FIRM, P.C.

4

5                                      */s/ Tanya E. Moore*

                                     Tanya E. Moore

6                                      Attorney for Plaintiff

7                                      Jose Trujillo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Trujillo v. Gogna, et al.*
Complaint

1

# **VERIFICATION**

2

3

    I, JOSE TRUJILLO, am the plaintiff in the above-entitled action. I have read the

4

foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

5

except as to those matters which are therein alleged on information and belief, and as to those

6

matters, I believe them to be true.

7

    I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

Dated:   6/10/2022                                   */s/ Jose Trujillo*

11

                                            Jose Trujillo

12

13

    I attest that the original signature of the person whose electronic signature is shown

14

above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

15

                                        */s/ Tanya E. Moore*

16

                                        Tanya E. Moore
Attorney for Plaintiff,

17

                                        JOSE TRUJILLO

18

19

20

21

22

23

24

25

26

27

28

*Trujillo v. Gogna, et al.*
Complaint