# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>            Plaintiff,<br><br>     v.<br><br>PAUL GOGNA, et al.,<br><br>            Defendants. | Case No. 1:22-cv-00707-JLT-SAB<br><br>ORDER VACATING MARCH 27, 2024 HEARING; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND EXTENSION OF TIME TO EFFECT SERVICE; AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 19, 21)<br><br>**FIVE DAY DEADLINE** |

## I.

## INTRODUCTION

Currently pending before the Court is Plaintiff's motion to file a first amended complaint, filed on February 21, 2024. (ECF No. 21.) The motion is currently set for hearing on March 27, 2024, at 10:00 a.m. in Courtroom 9. The period for Defendants to have filed a timely objection has now passed. L.R. 230(c). Having considered the moving papers, the lack of opposition, and the Court's file, the Court finds this matter suitable for decision without oral argument, and shall vacate the March 27, 2024, hearing, and grant Plaintiff's motion to amend. See Fed. R. Civ. P. 15; Local Rule 230(g).

/ / /

/ / /

## II.

## BACKGROUND

Plaintiff filed this action on June 10, 2022, against Paul Gogna, doing business as Prince Food & Gas; Huda-Cal. Properties, LLC, and Akbar Ali Huda, alleging violations of Title III of the Americans with Disabilities Act, violations of the Unruh Act, and denial of full and equal access to public facilities under California Health and Safety Code § 19955(a).  (ECF No. 1.)

On January 10, 2023, Plaintiff filed a motion for default judgment against each Defendant.  (ECF No. 13.)  On March 1, 2023, the Court issued findings and recommendations recommending that Plaintiff's motion be denied.  (ECF No. 16.)  The Court specifically found service to be inadequate as to Defendant Paul Gogna and that Plaintiff failed to establish Defendants Huda-Cal. Properties, LLC and Akbar Ali Huda own, lease, or operate Prince Food & Gas located at 133 West Walnut Avenue Visalia, California 93277 ("Facility") so as to be properly named Defendants. (Id.)  On March 27, 2023, the District Judge adopted the findings and recommendations in full.  (ECF No. 18.)

On February 5, 2024, the Court issued an order setting a scheduling conference for April 25, 2024 and required that (1) Plaintiff complete service on Defendant Paul Gogna by March 22, 2024 and (2) Plaintiff either seek leave to amend the complaint to cure the defects with respect to Defendants Huda-Cal. Properties, LLC and Akbar Ali Huda, or dismiss these Defendants by March 22, 2024.  (ECF No. 19).

On February 20, 2024, Plaintiff filed a notice of voluntary dismissal of Defendant Akbar Ali Huda from the instant action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i).  (ECF No. 20.)  On February 21, 2024, the Court directed the clerk to terminate Defendant Akbar Ali Huda as a party in this action.  (ECF No. 22.)

On February 21, 2024, Plaintiff filed the instant motion for leave to file the first amended complaint and for an extension of time to effect service on Defendant Gogna and set a hearing date for March 27, 2024 at 10:00 a.m. in Courtroom 9.  (ECF No. 21-1.)  The Court notes Plaintiff filed a proof of service declaring that the instant motion was mailed to Defendants on February 22, 2024.  (ECF No. 23.)

2

## III.

## LEGAL STANDARD

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)). Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id.

## IV.

## DISCUSSION

Following the Court's denial of Plaintiff's motion for default judgment, Plaintiff proffers

3

1  he conducted additional research of public records and determined that Defendant Gogna, an
2  individual, currently operates the business at the Facility, while the real property in and on which
3  the Facility is located is owned by Defendant Huda-Cal. Properties, LLC.  (ECF No. 21-1 at 3.)
4  Plaintiff explained that given that the corporate status of Huda-Cal. Properties, LLC has been
5  resolved, he dismissed Defendant Akbar Ali Huda.  (Id.)

6  Through the current motion, Plaintiff requests permission to file an amended complaint
7  against Defendants Gogna and Huda-Cal. Properties, LLC.  (Id.)  Plaintiff avers good cause
8  exists to allow the amendment because both Gogna, as the tenant, and Huda-Cal. Properties,
9  LLC, as the landlord, are responsible for the alleged violations of the ADA.  (Id.)  Plaintiff
10 proffers his proposed first amended complaint attached to the instant motion provides additional
11 details, including the Assessor's Parcel Number, to establish the ownership of the Facility, which
12 was a basis of the Court's denial of Plaintiff's motion for default judgment.  (Id. at 3-4.)  Plaintiff
13 argues his motion is not brought in bad faith; he did not unduly delay in bringing the motion filed
14 on February 21, 2024, given the Court's order was issued on February 5, 2024; Defendants will
15 not be prejudiced by the amendment, as it does not change the nature of the claims against them
16 in either way; and amendment to establish the current owners and operators of the Facility would
17 not be futile.  (Id. at 4.)

18 Plaintiff also requests that the deadline to effect service on Defendant Gogna be extended
19 pursuant to Federal Rule of Civil Procedure 4(m) to a date at least thirty days following the
20 Court's order to ensure that the first amended complaint may be served, which would avoid
21 duplication of efforts. (Id.)

22 Both Defendants were provided copies of the instant motion but neither has filed an
23 opposition prior to the deadline to do so.  The Court finds no bad faith, no undue delay, no
24 apparent prejudice to the opposing party, no futility of amendment, and Plaintiff has not
25 previously amended his complaint.  Consequently, finding that none of the foregoing factors
26 weigh against granting Plaintiff leave to amend, and given the motion was not opposed through
27 any opposition briefs filed by the deadline to file an opposition, the Court finds granting leave to
28 amend appropriate.  See Fed. R. Civ. P. 15(a); Eminence Capital, 465 F.3d at 951; DCD

Programs, 833 F.2d at 187 ("Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.").

God cause appearing, the Court shall also grant Plaintiff's request for an extension of time from March 22, 2024 until thirty days after entry of this order to serve Defendant Gogna.

## V.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion for leave to file an amended complaint set for March 27, 2024, at 10:00 a.m. in Courtroom 9 (ECF No. 21) is VACATED;

2. Plaintiff's motion for leave to file a first amended complaint and for an extension of time to effect service on Defendant Gogna (ECF No. 21) is GRANTED;

3. Within **five (5) days** of service of entry of this order, Plaintiff shall file the proposed amended complaint (ECF No. 21-3);

4. Plaintiff shall complete service of the summons and first amended complaint on Defendants Paul Gogna and Huda-Cal. Properties, LLC within **thirty (30) days** of entry of this order;

5. The initial scheduling conference set for April 25, 2024 is CONTINUED to **May 28, 2024 at 2:30 in Courtroom 9**; and

6. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated: **March 14, 2024**

UNITED STATES MAGISTRATE JUDGE