# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>              Plaintiff,<br><br>      v.<br><br>PAUL GOGNA, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00707-JLT-SAB<br><br>ORDER VACATING MAY 28, 2024 SCHEDULING CONFERENCE AND REQUIRING PLAINTIFF TO FILE A MOTION FOR DEFAULT JUDGMENT<br><br>**THIRTY DAY DEADLINE** |

On April 30, 2024, the Clerk of the Court entered default against Defendants Paul Gogna and Huda-Cal. Properties, LLC pursuant to Plaintiff's requests. (ECF Nos. 30, 31.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

/ / /

As the Defendants in this matter are in default, the Court shall vacate the initial scheduling conference and set a deadline for a motion for default judgment to be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a motion for default judgment;
2. The scheduling conference set for May 28, 2024, is VACATED; and
3. Plaintiff is advised that the failure to comply with this order shall result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **May 1, 2024**

UNITED STATES MAGISTRATE JUDGE