1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11  JOSE TRUJILLO,                          Case No. 1:22-cv-0707 JLT SAB

12              Plaintiff,                  ORDER ADOTPING IN PART THE
                                            FINDINGS AND RECOMMENDATIONS,
13       v.                                 GRANTING IN PART PLAINTIFF'S
                                            MOTION FOR DEFAULT JUDGMENT,
14  PAUL GOGNA, et al.,                     DISMISSING PLAINTIFF'S STATE LAW
                                            CLAIMS WITHOUT PREJUDICE, AND
15              Defendants.                 DIRECTING THE CLERK OF COURT TO
                                            CLOSE THE CASE
16
                                            (Docs. 34, 42)
17

18          Jose Trujillo seeks default judgment against the defendants—including Paul Gogna, doing

19  business as Prince Food & Gas, and Huda-Cal. Properties, LLC —for violations of Title III of the

20  Americans with Disabilities Act and California's Unruh Civil Rights Act.  For the reasons set

21  forth below, the motion for default judgment is granted in part.  The Court finds default judgment

22  is appropriate for the claim arising under the ADA but declines to exercise supplemental

23  jurisdiction and dismisses the claims arising under state law without prejudice.

24  **I.      Relevant Background**

25          Plaintiff reports that he "is substantially limited in his ability to walk, and uses a

26  wheelchair or cane for mobility."  (Doc. 25 at 2, ¶ 10.)  He asserts that he visited Prince Food &

27  Gas, which is owned and operated by Paul Gogna.  (*Id.*, ¶ 8.)  Plaintiff also alleges Huda-Cal

28  Properties, LLC, owns the real property and leases the facility to Gogna, doing business as Prince

1

1    Food & Gas.  (*Id.*, ¶ 9.)

2          According to Plaintiff, he visited Prince Food & Gas "to purchase fuel for his vehicle" on

3    March 9, 2022.  (Doc. 25 at 3, ¶ 12.)  Plaintiff alleges he "personally encountered barriers (both

4    physical and intangible)" at Prince Food & Gas that interfered with his "ability to use and enjoy

5    the goods, services, privileges and accommodations offered at the Facility."  (*Id.*)  Specifically,

6    Plaintiff asserts that he "could not find a designated accessible fuel pump, and the pumps did not

7    allow for payment at the pump."  (*Id.*, ¶ 12(a).)  In addition, "Plaintiff looked for designated

8    accessible parking so that he could unload in front of the Facility and go into the store to pay for

9    his gas, but he could not find any designated accessible parking in the Facility's parking lot."  (*Id.*

10   ¶ 12(b).)  Finally, Plaintiff contends he "could not see an accessible route from the gas pumps to

11   the Facility entrance; there was a raised curb with unevenly sloped asphalt sloping up toward it,

12   but no curb ramp."  (*Id.*, ¶ 12(c).)

13          Plaintiff reports that he "lives less than five miles from" Prince Food & Gas.  (Doc. 25 at

14   2, ¶ 12.)  He asserts he "was, and continues to be, deterred from visiting" Prince Food & Gas

15   because he knows the "goods, services, facilities, privileges, advantages, and accommodations

16   were and are unavailable to [him] due to [his] physical disabilities."  (*Id.*, ¶ 14.)  According to

17   Plaintiff, he will return to Prince Food & Gas "once the barriers are removed" because he "enjoys

18   the goods and services offered."  (*Id.*)

19          On June 10, 2022, Plaintiff initiated this action by filing a complaint against Paul Gogna

20   dba Prince Food & Gas; Huda-Cal. Properties, LLC; and Akbar Ali Huda.  (Doc. 1.)  After the

21   defendants failed to respond to the complaint, the Clerk entered default upon the request of

22   Plaintiff.  (Docs. 10, 11.)  Plaintiff moved for default judgment, which the Court denied because

23   service was not adequate as to Defendant Gogna and the facts alleged did not support his claims.

24   (Docs. 16, 18.)  Following the denial of the motion, Plaintiff voluntarily dismissed his claims

25   against Akbar Ali Huda and filed an amended complaint.  (Docs. 20, 25.)

26          In the FAC, Plaintiff states claims against Paul Gogna dba Prince Food & Gas and Huda-

27   Cal. Properties, LLC for: (1) violations of Title III of the Americans with Disabilities Act, (2)

28   violations of California's Unruh Act, and (3) denial of full and equal access to public facilities

1   under California's Health and Safety Code.  (Doc. 25 at 4-8.)  Plaintiff asserted the defendant

2   "possessed and enjoyed sufficient control and authority" to remove the barriers and be sure Prince

3   Food & Gas complied with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA

4   Standards for Accessible Design.  (*Id.* at 4, ¶ 16.)  In addition, Plaintiff contends the defendant

5   has "the financial resources to remove the[] barriers … without much difficulty or expense[], and

6   make the Facility accessible to the physically disabled."  (*Id.*, ¶ 15.)

7          Plaintiff served the amended complaint upon Huda-Cal Properties on March 27, 2024; and

8   served Gogna on March 28, 2024.  (Docs. 26, 27.)  After Defendants failed to respond to the

9   amended complaint, Plaintiff requested default be entered.  (Doc. 29.)  The Clerk of Court entered

10  default on April 30, 2024.  (Docs. 30, 31.)  Plaintiff now seeks default judgment against

11  Defendants, requesting injunctive and declaratory relief, statutory damages under the Unruh Act,

12  attorneys' fees, and costs.[1]  (Doc. 34.)

13  **II.      Findings and Recommendations**

14         As an initial matter, the magistrate judge determined the Court has original jurisdiction

15  over the action pursuant to 28 U.S.C. § 1331, based upon Plaintiff's claim for violations of the

16  ADA.  (Doc. 42 at 6.)  In addition, the magistrate judge noted that the Court "has the discretion to

17  exercise supplemental jurisdiction under 28 U.S.C. § 1367, for Plaintiff's related state law claims

18  under the Unruh Act, California Civil Code §§ 51, *et seq.*"  (*Id.*) The magistrate judge

19  recommended the Court "exercise[e] supplemental jurisdiction over Plaintiff's claim under the

20  Unruh Act."  (*Id.*)

21         The magistrate judge evaluated the factors set forth by the Ninth Circuit in *Eitel v.*

22  *McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986), and found the factors weighed in favor of granting

23  the motion for default judgment.  (Doc. 42.)  The magistrate judge found default judgment was

24  appropriate for Plaintiff's claim arising under the ADA, and recommended the requested

25  injunctive relief be granted.  (*Id.* at 10-16, 20.)  The magistrate judge also found default judgment

26  was appropriate for the claim arising under the Unruh Act, and recommended awarding statutory

27  damages in the amount of $4,000.00.  (*Id.* at 16-17, 20-21.)  Finally, the magistrate judge

28  _____

[1] Plaintiff did not seek default judgment over his claim arising under the California Health and Safety Code.

3

1    recommended Plaintiff be awarded attorneys' fees in the modified amount of $1,965.00 and

2    litigation expenses and costs in the amount of $837.43, for a total of $2,802.43.  (*Id.* at 21-28.)

3          The Findings and Recommendations were served on Plaintiff, who mailed copies to

4    Defendants.  (Docs. 43, 43-1.)  The Court informed the parties that any objections must be filed

5    within 14 days of the date of service.  (Doc. 42 at 29.)  In addition, the Court advised the parties

6    that "the failure to file objections within the specified time may result in the waiver of rights on

7    appeal." (*Id.* at 29, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  No

8    objections were filed, and the time to do so expired.

9    **III.    Supplemental Jurisdiction**

10         In recommending the Court take supplemental jurisdiction, the magistrate judge did not

11   offer any findings regarding the propriety of supplemental jurisdiction over Plaintiff's claims

12   arising under state law.  As the magistrate judge observed, a court with original jurisdiction over a

13   civil action "shall have supplemental jurisdiction over all other claims that are so related to claims

14   in the action within such original jurisdiction that they form part of the same case or controversy

15   under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  State claims are part of

16   the same case or controversy as federal claims "when they derive from a common nucleus of

17   operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial

18   proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir. 2004) (internal quotation

19   marks, citation omitted).  Notably, the Ninth Circuit concluded ADA and Unruh Act claims that

20   derive from a common nucleus of facts "form part of the 'same case or controversy/ for purposes

21   of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

22         Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and district

23   courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons."

24   *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks,

25   citations omitted).  This discretion is codified under Section 1367(c), which provides a district

26   court may "decline supplemental jurisdiction over a claim" if:

27             (1) the claim raises a novel or complex issue of State law, (2) the
          claim substantially predominates over the claim or claims over
28             which the district court has original jurisdiction, (3) the district court

1
2
> has dismissed all claims over which it has original jurisdiction, or (4)
> in exceptional circumstances, there are other compelling reasons for
> declining jurisdiction.

3  28 U.S.C. § 1367(c).  This provision is "a codification of the principles of economy, convenience,

4  fairness, and comity that underlie the Supreme Court's earlier jurisprudence concerning pendent

5  jurisdiction."  *Whitaker v. Mac*, 411 F.Supp.3d 1108, 1113 (C.D. Cal. 2019) (citing *Int'l Coll. of*

6  *Surgeons*, 522 U.S. at 172-73; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)

7  (identifying the following as relevant factors: judicial economy, convenience, fairness, and

8  comity, which together are the "*Gibbs* values").

9      The Ninth Circuit does not require an "explanation for a district court's reasons [for

10  declining supplemental jurisdiction] when the district court acts under the first three provisions."

11  *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).  However, the

12  Court is required to identify why circumstances may be "exceptional" when declining jurisdiction

13  under Section 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021).  "A district

14  court's decision to decline supplemental jurisdiction over a state-law claim is reviewed for abuse

15  of discretion." *Vo v. Choi*, 49 F.4th 1167, 1171-72 (9th Cir. 2022).

16      **A.      Jurisdiction under Section 1367(c)(4)**

17      A court's inquiry as to whether decline jurisdiction under Section 1367(c)(4) involves a

18  two-part inquiry. *Arroyo*, 19 F.4th at 1210.  First, the Court must identify "why the circumstances

19  of the case are exceptional within the meaning of § 1367(c)(4)."  *Id.* (citation omitted); *see also*

20  *San Pedro Hotel*, 159 F.3d at 478-79.  Second, to evaluate if "there are 'compelling reasons for

21  declining jurisdiction' in a given case, the court should consider what 'best serves the principles

22  of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine'

23  articulated in *Gibbs*." *Arroyo*, 19 F.4th at 1210 (*citing Int'l Coll. of Surgeons*, 522 U.S. at 172-73).

24  These "inquiries are not particularly burdensome." *Id.* (citation omitted.)

25      **B.      Exceptional circumstances**

26      Significantly, "California adopted heightened pleading requirements for Unruh Act

27  accessibility claims in an attempt to deter baseless claims and vexatious litigation" in 2012.

28  *Machowski v. Auburndale Props*., 574 F.Supp.3d 776, 779 (C.D. Cal. 2021); *see also Vo*, 49

5

1   F.4th at 1170 (noting the state "imposed heightened pleading requirements" following the abuse

2   of remedies under the Unruh Act).  The state adopted further restrictions in 2015, after the

3   heightened pleading requirements alone "did not substantially reduce vexatious filings." *Id.*

4   (citing Cal. Civ. Proc. Code § 425.50).  The state targeted "high-frequency litigants," which were

5   defined as plaintiffs who "filed 10 or more complaints alleging a construction-related

6   accessibility violation within the 12-month period immediately preceding the filing of the current

7   complaint alleging a construction-related accessibility violation."  Cal. Code Civ. Proc. §

8   425.55(b)(1).  The Court's review of its records indicates that Plaintiff would be subject to the

9   heightened pleading and procedural standards that now apply to the high-frequency litigants.[2]

10      Under California law, high-frequency litigants—such as Plaintiff—are now required to

11   comply with the following requirements:

> (1) the complaint must allege whether it is filed by or on behalf of a
> high-frequency litigator; (2) the number of complaints alleging a
> construction related accessibility claim that were filed by the high
> frequency litigator in the past twelve months; (3) the reason the high
> frequency litigator was in the region of the defendant's business; and
> (4) the specific reason that the high frequency litigator desired access
> to the defendant's business.

16   *Machowski*, 574 F.Supp.3d at 779 (citation omitted, modifications adopted); *see also* Cal. Civ.

17   Proc. Code § 425.50(a)(4)(A)). The high-frequency litigants must also pay an additional $1,000

18   filing fee. Cal. Gov't. Code § 70616.5(a), (b).  Importantly, these additional requirements apply

19   only in the state court, and "plaintiffs can circumvent the restrictions on high-frequency litigants

20   by filing their complaints in federal court, asserting federal question jurisdiction over the ADA

21   claim and supplemental jurisdiction over the state-law claims." *Shayler v. 1310 PCH, LLC*, 51

22   F.4th 1015, 1018 (9th Cir. 2022) (citing *Arroyo*, 19 F.4th at 1207); *see also Vo*, 49 F.4th at 1170

23   ("we assume ... these new requirements apply only in California state court").

[2] Based upon the Court's review of its own records, Jose Trujillo filed 10 other disability access actions prior to this case in the Fresno Division of the Eastern District within 12 months, including: *Trujillo v. Singh*, Case No. 1:21-cv-1420-DAD-HBK (filed Sept. 24, 2021); *Trujillo v. Taco Riendo Inc.*, Case No. 1:21-cv-01446-JLT-SAB (filed Sept. 28, 2021); *Trujillo v. Vejar's Inc.*, Case No. 1:21-cv-01467-KES-SKO (filed Sept. 30, 2021); *Trujillo v. Villegas Velez*, 1:21-cv-01469-SAB (filed Sept. 30, 2021); *Trujillo v. 4B Market Inc.*, 1:21-cv-01559-JLT-HBK (filed Oct. 22, 2021); *Trujillo v. Malwa Food Mart Inc*., Case No. 1:21-cv-01580-AWI-BAM (filed Oct. 25, 2021); *Trujillo v. Barboza*, Case No. 1:21-cv-01691-KES-BAM (filed Nov. 24, 2021); *Trujillo v. Solar Laundromat Corp.*, Case No. 1:22-cv-0379-JLT-SKO (filed Mar. 30, 2022); *Trujillo v. Hernandez*, Case No. 1:22-cv-0643-ADA-BAM (filed May 27, 2022); *Trujillo v. Amador*, Case No. 1:22-cv-0644-ADA-SKO (filed May 27, 2022).

1    The Ninth Circuit—and district courts within the circuit—have recognized an increase in

2   disability access claims brought in federal court by the "high-frequency litigants" who would be

3   subject to the additional requirements before the state.  *See, e.g., Arroyo*, 19 F.4th at 1211;

4   *Shayler*, 51 F.4th at 1017-18 (observing that in the Central District alone, "the number of ADA

5   cases has ballooned from 3 percent of its civil docket to roughly 20 percent in recent years");

6   *Gilbert v. Bonfare Markets, Inc*., 2023 WL 1803398, at *4 (E.D. Cal. Feb. 7, 2023) (noting "the

7   burden the ever-increasing number of [accessibility] cases poses to the federal courts"); *Arroyo v.*

8   *Quach, Inc*., 2022 U.S. Dist. LEXIS 73567, at *3 (N.D. Cal. Apr. 12, 2022) ("California federal

9   courts have experienced a large influx of cases involving a federal claim under the ADA for

10   failure to ensure that businesses are accessible to customers with disabilities, alongside a state-

11   law claim under the Unruh Act").  The Ninth Circuit attributed this increase to Unruh Act

12   plaintiffs who sought to avoid the California requirements, "by filing in a federal forum in which

13   [they] can claim these state law damages in a manner inconsistent with the state law's

14   requirements." *Arroyo*, 19 F.4th at 1211.  As a result, the Ninth Circuit opined "the procedural

15   strictures that California put in place have been rendered largely toothless..." *Id.*

16    Having acknowledged the apparent avoidance by litigants who pursue their state claims in

17   federal courts, the Ninth Circuit had "little difficulty" reaching the conclusion that "the legal

18   landscape" concerning Unruh Act cases constitutes an exceptional circumstance within the

19   meaning of Section 1367(c)(4). *Vo,* 49 F.4th at 1169 (citing *Arroyo*, 19 F.4th at 1214).  Thus,

20   numerous district courts in California "have declined to exercise supplemental jurisdiction over

21   Unruh Act … claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc*.,

22   2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021).

23        **C.        Compelling reasons to decline jurisdiction**

24    The Court finds the *Gibbs* values of judicial economy and convenience weigh in favor of

25   declining supplemental jurisdiction.  Although the Court addressed the merits of Plaintiff's ADA

26   claim to the extent necessary to address the motion for default judgment, it was not required to

27   expend a significant amount of time and resources on the action as the claims were uncontested.

28   *See Whitaker v. Eye Phone City*, 2020 WL 7065831, at *3 (C.D. Cal. Oct. 7 2020) (finding

1    judicial economy did not weigh in favor of supplemental jurisdiction where the parties had not yet

2    engaged in discovery); *see also Brooke v. Shelby Hosp. LLC.*, 2023 WL 5017996, at *2-3 (C.D.

3    Cal. July 24, 2023) (declining supplemental jurisdiction and dismissing the state law claims when

4    addressing a motion for default judgment brought by a high-frequency litigant, finding any

5    concerns of judicial economy were outweighed by concerns of comity).  Moreover, any

6    inefficiencies created by the Court's decision to decline supplemental jurisdiction "are problems

7    ultimately that resulted from [the] plaintiff's decision to file this [a]ction in federal, rather than

8    state court." *See Whitaker v. Aftaliion*, 2020 WL 5845724, at *4 (C.D. Cal. July 23, 2020).

9    Fairness also weighs in favor of declining supplemental jurisdiction over the Unruh Act

10   claim.  Plaintiff has not been prevented from receiving injunctive relief to remove the

11   encountered accessibility barriers—the only relief available—under his ADA claim before the

12   federal court.  On the other hand, it would be unfair to permit Plaintiff to evade the limitations

13   California imposed on his state accessibility claims.  *See Carter v. Town Square M Props.*, *LLC*,

14   2022 WL 17224720, at *5 (C.D. Cal Aug. 29, 2022) (finding fairness weighed in favor of

15   declining jurisdiction).

16   Finally, comity weighs in favor of declining jurisdiction, particularly in light of the state's

17   efforts to thwart abuse of the legal system through the filing of unverified disability access

18   claims.  *See, e.g., Marquez v. KBMS Hospitality Corp.*, 492 F. Supp. 3d 1058, 1064 (C.D. Cal.

19   2020) ("To allow federal courts to become an escape hatch that allows high-frequency litigants to

20   pursue such claims without satisfying California's requirements is an affront to the comity

21   between federal and state courts"); *Block v. 7-Eleven, Inc.*, 2024 WL 333891, at *4 (N.D. Cal.

22   Jan. 29, 2024) (comity weighed in favor of declining supplemental jurisdiction, because

23   permitting the plaintiff to proceed before the district court would permit evasion of requirements

24   imposed by the California legislature); *Schutza v. Alessio Leasing, Inc.,* 2019 WL 1546950, at *4

25   (S.D. Cal. Apr. 8, 2019) ("By being 'inefficient' and declining to exercise supplemental

26   jurisdiction …, this Court is simply recognizing that California has a strong interest in

27   interpreting and enforcing its own rules without federal courts serving as a convenient end-around

28   for creative litigants.  If that results in occasional inefficiency, it's a worthwhile tradeoff.").

1     **IV.     Conclusion and Order**

2           According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.

3     Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

4     are supported by the record and by proper analysis related to Plaintiff's claim under the ADA, and

5     Plaintiff is entitled to receive the injunctive relief requested.  An award of attorneys' fees and

6     costs is also appropriate, subject to the recommended adjustments. However, as described above,

7     there are "exceptional circumstances" and "compelling reasons" for the Court to decline

8     supplemental jurisdiction over Plaintiff's claims for violations of the Unruh Act and California

9     Health & Safety Code.  Accordingly, the Court declines to adopt the recommendations related to

10    the claims arising under state law and exercises its discretion to decline supplemental jurisdiction.

11    Based upon the foregoing, the Court **ORDERS**:

12          1.    The Findings and Recommendations filed on July 25, 2024 (Doc. 29) are

13                **ADOPTED** in part.

14          2.    The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's

15                claims arising under state law pursuant to 28 U.S.C. § 1367(c)(4).

16          3.    Plaintiff's claims for violations of the Unruh Act and the California Health &

17                Safety Code are **DISMISSED** without prejudice.

18          4.    Plaintiff's motion for default judgment (Doc. 42) is **GRANTED IN PART**.

19          5.    Judgment **SHALL** be entered in favor of Plaintiff and against Defendants.

20          6.    Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.

21          7.    Plaintiff's request for fees, costs, and expenses is **GRANTED IN PART**, in the

22                modified amount of $2,802.43.

23          8.    Plaintiff's request for injunctive relief under the ADA is **GRANTED**.

24          9.    Defendants **SHALL** make modifications within six months to the facility known

25                as "Prince Food & Gas," located at 133 West Walnut Avenue, Visalia, California

26                93277, to bring the property into compliance with the accessibility requirements of

27                the Americans with Disabilities Act as follows:

28                a.    Provide a properly configured and identified accessible fuel pump;

b.    Provide a properly configured and identified accessible parking stall and adjacent access aisle; and

c.    Provide a properly configured accessible route of travel from the designated accessible fuel pump to the Facility entrance served by a properly configured accessible curb ramp.

10.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **August 20, 2024**

UNITED STATES DISTRICT JUDGE

10